UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UBIQUITI NETWORKS, INC., a Delaware
corporation,

                          Plaintiff,           Case No. 4:12mc66-RH/CAS

vs.

KOZUMI USA Corp. et al.,

                          Defendants.
_____/

**UBIQUITI NETWORKS, INC.'S OPPOSITION TO ERIC W. CAMIL, SR.'S
OBJECTIONS TO MAGISTRATE JUDGE'S ORDER**

      Ubiquiti Networks, Inc. ("Ubiquiti") hereby responds to and opposes Eric Camil's ("Camil") Objections to Magistrate's Order Denying Motion to Quash Plaintiff Ubiquiti's Subpoenas ("Objections") (Dkt. 12-1).  On January 8, Camil moved to quash two subpoenas served on him by Ubiquiti on grounds that they sought documents and testimony protected by Florida's private investigator privilege. (Dkt. 4.)  On January 28, the Magistrate Judge granted in part and denied in part Camil's motion to quash, finding first that federal law did not recognize a private investigator privilege, and additionally declining to recognize Florida's private investigator privilege as a matter of comity.  (Dkt. 10.)  The Magistrate Judge also held that Ubiquiti's subpoenas were overly burdensome because they were too broadly drawn.  (*Id.*)  Ubiquiti revised its subpoenas to comport with the Magistrate Judge's order and re-served its document subpoena on January 31 and its deposition subpoena on February 5.  Camil filed his Objections on February 8, asking the Court to set aside the Magistrate Judge's order rejecting

1

application of the Florida private investigator privilege.  (*See* Objections.)  Camil has not objected that Ubiquiti's latest subpoenas are unduly burdensome.  (*See id*.)

Camil argues for recognition of a very broad privilege—one that would encompass the entire contents of an investigator's file and even communications with those other than his client—regardless of where the materials originated or whether the communications were made in confidence.  As the Magistrate Judge noted, there are no cases finding a private investigator privilege of any sort under federal common law, much less one so broad.  And he correctly concluded that federal law should not recognize such a privilege for the first time in this case.  First, federal law would not apply a Florida privilege where Florida law provided no rule of decision for any claim or defense.  Second, federal law would not recognize a new, sweeping private investigator privilege that—as proposed by Camil—would be broader even than the attorney-client privilege.  The Magistrate Judge also correctly declined to recognize Florida's privilege as a matter of comity when doing so would thwart important federal interests.  Camil seeks to avoid disclosure of his files and communications related to his investigation of Ubiquiti and its CEO, Robert Pera, even though he communicated about his investigation with William Hsu, a defendant in this case who is *not* his client.  But it cannot be the case that materials relevant to a federal action can be shielded from discovery by stashing them in the file of a Florida private investigator.  Whatever interest Florida has in the confidentiality of private investigator files and communications, the state certainly did not intend to create a haven for litigants to avoid discovery in federal cases.  The Magistrate Judge was correct, and the Court should not disturb the Order.

## BACKGROUND

In this global counterfeiting case Ubiquiti has sought, and the Court in the Northern District of California has already issued, a temporary restraining order, a preliminary injunction, and an asset freeze against Defendant William Hsu and his company Kozumi USA, Inc. (*See* Declaration of Jennifer Lee Taylor In Support of Ubiquiti's Opposition to Camil's Motion to Quash ("Taylor Decl."), Dkt. 7.1, Exs. B-D.) Documents produced by Defendant Hsu confirm that Camil had been hired to investigate Ubiquiti and its CEO, Robert Pera, that he gave Hsu reports on his investigations, and that those investigations were related to stock analysts' reports on Ubiquiti that Ubiquiti believes hurt the company and its stock price, as alleged in the case pending in the Northern District of California. (*See id.* Exs. H, I, and J.) Camil's investigations are intertwined with Hsu's and Kozumi's activities and therefore highly relevant to Ubiquiti's case.

## STANDARD OF REVIEW

A district court may set aside or modify the magistrate judge's order only if the district court finds that the order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). "The 'clearly erroneous or contrary to law' standard of review is extremely deferential." *Tolz v. Geico Gen. Ins. Co.*, No. 08–80663, 2010 WL 384745, at *2 (S.D. Fla. Jan. 27, 2010); *see also Edelen v. Campbell Soup Co.*, 265 F.R.D. 676, 680 (N.D. Ga. 2010). Under this standard, the court will affirm the magistrate judge's order unless the court has a definite and firm conviction that error has occurred. *See Linea Naviera De Cabotaje, C.A. v. Mar Caribe De Navegacion, C.A.*, 169 F. Supp. 2d 1341, 1355 (M.D. Fla. 2001). "In sum, it is extremely difficult to justify alteration of the magistrate judge's nondispositive actions by the

district judge." 12 Charles A. Wright, Arthur R. Miller, & Richard L. Marcus, *Federal Practice & Procedure* § 3069 (2d ed. 1997).

## ARGUMENT

I. **THE COURT SHOULD NOT RECOGNIZE A PRIVATE INVESTIGATOR PRIVILEGE UNDER FEDERAL LAW**

Camil argues that the Court should set aside the Magistrate Judge's order and recognize Florida's private investigator privilege under federal law. But the Magistrate Judge appropriately declined to do so. He noted that Florida law provided no rule of decision for any claim or defense and that under established principles federal common law would not recognize a new, sweeping private investigator privilege in this case. The Magistrate Judge's order was not "clearly erroneous or contrary to law," and the Court should not set it aside or modify it.

### A. The Magistrate Judge Correctly Declined to Apply a Florida State Privilege Where Florida Law Provided No Rule of Decision

In federal court, the federal law of privilege applies except as to a "claim or defense for which state law supplies the rule of decision." Fed. R. Evid. 501. Thus, as the Eleventh Circuit has noted, an initial inquiry when determining whether a federal court would recognize a state privilege is whether that state's law supplies a rule of decision regarding any claim or defense. *In re Int'l Horizons, Inc.*, 689 F. 2d 996, 1003 (11th Cir. 1982). In *International Horizons*, the Eleventh Circuit affirmed a district court's holding that a Georgia accountant-client privilege did not apply in federal bankruptcy court where "the bankruptcy proceeding did not yet involve state claims." *Id*.

Here, Camil glosses over the fact that the underlying litigation implicates no Florida state law in any claim or defense. The Magistrate Judge correctly noted that "jurisdiction of the federal court in California [over the underlying case] is premised upon a federal question, although there are several California state law claims." (Order at 10.) The Magistrate Judge also

4

noted that "Florida law would not provide 'the rule of decision' for *any* 'claim or defense' in the pending action." (*Id.* at 16 (emphasis added).) Accordingly, the Magistrate Judge correctly concluded that Florida law and the Florida statutory privilege are simply inapplicable in this case. (*Id.* at 16-18.)

### B. The Magistrate Judge Correctly Declined to Recognize a New Private Investigator Privilege as a Matter or Federal Common Law

Camil asks this Court to overrule the Magistrate Judge's decision not to recognize a broad, new private investigator privilege for the first time under federal law. The Court should decline.

#### 1. Federal Courts Hesitate to Recognize New Claims of Privilege

While federal courts have the power to recognize a new claim of privilege as a matter of federal common law "interpreted … in the light of reason and experience," Fed. R. Evid. 501, federal courts are extremely reluctant to do so. The Magistrate Judge noted that:

> [T]here has been a notable hostility on the part of the [federal] judiciary to . . . new privileges. … This is because privileges contravene the fundamental principle that the public . . . has a right to every man's evidence. … Exceptions to the demand for every man's evidence are not lightly created nor expansively construed, for they are in derogation of the search for truth.

(Order at 10-11 (quoting *Int'l Horizons,* 689 F.2d at 1003-04 (internal quotations and citations omitted)).) Thus, "only the most compelling candidates will overcome the law's weighty dependence on the availability of relevant evidence." (Order at 11 (quoting *Adkins v. Christie*, 488 F.3d 1324, 1328 (11th Cir. 2007) (internal quotations omitted)).)

Moreover, when creating new federal privileges, federal courts look to the general trend of privilege law among all fifty states, and are not bound to adopt a new privilege as articulated by any particulate state. *See Johnson v. Nyack Hosp.*, 169 F.R.D. 550, 558-59 (S.D.N.Y. 1996) ("While the Circuit considered state law in determining whether to recognize the claimed

5

privilege, it looked to the overall trend in the law of all fifty states and to the reasoning underlying it rather than giving any special deference to New York law."). Here, Camil argues for the adoption of a federal common law private investigator privilege, but he does so based solely on the example of Florida's private investigator privilege. This method was rejected by the Southern District of New York in *Johnson*:

> [T]he federal courts must look to the manner in which the states have resolved the issue for themselves and to the interests and policies underlying their determinations [regarding privileges]. *Only by forging independent rules of privilege after taking into account the policy determinations of all of the states can the federal courts develop a uniform federal law of privilege.* In other words, federal courts should not ignore the wisdom of state lawmakers. But neither should they create a series of fifty federal common laws.

*Johnson*, 169 F.R.D. at 559 (emphasis added). Camil has not demonstrated a general trend of states creating any private investigator privilege, much less one as broad as what he proposes here. In the absence of evidence of such a trend, the Magistrate Judge correctly declined to recognize a new federal private investigator privilege.

      **2.**      **The Magistrate Judge Did Not Misinterpret the Scope of the Florida Privilege When Declining to Recognize a New Federal Investigator Privilege**

Camil argues that the Magistrate Judge erred by looking to an earlier version of the Florida statutory privilege that explicitly permitted disclosure of the investigator's information in judicial proceedings, rather than to the current version of the statute, which he argues does not. (Objections at 8.) Further, according to Camil, the Magistrate Judge compounded this error by looking to several other states' statutory private investigator privileges and found them similarly wanting because they also permitted disclosure in judicial proceedings. (*Id.* at 7 (noting that the Magistrate Judge looked to California, Ohio, and Michigan statutory private investigator privileges).) According to Camil, these other statutes are not relevant because the current Florida

6

statute has no exception for disclosure of the investigator's information in judicial proceedings, and is therefore of a different kind. Camil is incorrect, and the Magistrate Judge's analysis was sound.

First, contrary to Camil's argument, the Florida statute does not lack an exception for disclosure of the investigator's information in judicial proceedings. The current Florida statutory investigator privilege, Section 493.6119, begins: "Except as otherwise provided by this chapter *or other law*, no licensee, or any employee of a licensee or licensed agency shall divulge or release to anyone other than her or his client or employer the contents of an investigative file acquired in the course of licensed investigative activity." Fla. Stat. § 493.6119(1) (emphasis added). Camil ignores this language and instead focuses on the three specific exceptions to the Florida private investigator privilege set out in the statute, which Camil claims do not apply in this case: (1) when the client has given permission for the investigator to disclose the information; (2) when the investigator must disclose the information to defend a charge by the client that the investigator violated Florida's licensing regulations; and (3) when the Florida Licensing Division itself requests the information in the courts of an investigation. (Objections at 8-10 (referring to three exceptions as "the *only* exceptions to the private investigator privilege established by Chapter 493 of the Florida Statutes" (emphasis in original).) These are not the only exceptions, however, and Camil is wrong to argue that they are. Section 493.6119(1) clearly permits disclosure to comply with "other law."

By ignoring the "other law" exception, Camil claims that the Florida statute creates a *testimonial privilege*. (Objections at 8-10.) According to Camil, this "testimonial privilege" renders other states' private investigator privilege statutes—to which the Magistrate Judge referred in his analysis—inapplicable as points of comparison because, unlike Florida's statute,

7

they expressly permit testimony in judicial proceedings.  (*Id.*)  Thus, according to Camil, the Magistrate Judge erred in looking at those statutes.

As an initial matter, Camil is wrong because there is *no* testimonial privilege under Florida law because Section 493.6119(1) expressly permits disclosure to comply with "other law," which includes the obligation to comply with a subpoena properly issued under Rule 45 of the Federal Rules of Civil Procedure.  Accordingly, the other private investigator privilege statutes to which the Magistrate Judge referred are apt references regardless of whether they are construed to include a testimonial privilege.

Moreover, the Magistrate Judge clearly understood Camil's argument—that the Florida statutory private investigator privilege did not permit disclosure of the investigator's information in judicial proceedings—and rejected it. (Order at 12-16.)  The Magistrate Judge referred to *Ravary v. Reed*, 163 Mich. App. 447, 415 N.W. 2d 240 (Mich. Ct. App. 1987), and found that the Michigan court had held that the Michigan private investigator privilege "not only penalizes breaches of confidence but clearly establishes a testimonial privilege."  (Order at 14 (quoting *Ravary* at 242-43).)  Understanding that Camil was arguing for a similar testimonial privilege under Florida law, the Magistrate Judge found *Ravary* to be "instructive." (Order at 14.)  Thus, the Magistrate Judge clearly considered the availability of a testimonial privilege for private investigators, and correctly rejected it.  (*See id.* at 11-16.)  Camil's argument that the Magistrate Judge misunderstood the nature of the privilege Camil proposed is not borne out by the Magistrate Judge's order.

### 3. The Magistrate Judge Correctly Declined to Recognize a Federal Private Investigator Privilege Broader than the Attorney-Client Privilege

Camil is proposing such a broad investigator privilege that it would render *all* communications between the investigator and the client or between the investigator and any third

8

party privileged regardless of whether they were held in confidence.  This is significantly broader than the scope of the attorney-client privilege, which protects only communications made in confidence between the client and the attorney, and Camil provides no support for his argument, because there is none.

As the Magistrate Judge noted, even in Michigan, which has an express testimonial privilege, the legislature construed the private investigator privilege as being co-terminus with the attorney-client privilege, not broader than the attorney-client privilege.  (*Id.* at 13-14.)  This makes sense, as society's interest in granting confidentiality to the communications between investigators and their clients—to the extent that there is one—is certainly not greater than the interest in protecting the communications between attorneys and their clients.  The relationship between private investigators and their clients simply does not implicate the same issues as the attorney-client relationship, and it does not require the same level of protection.  Private investigators are not advocates.  They do not bind their clients by the actions.  They do not hear and keep confidences in order to dispense legal advice.  The policy considerations underlying protection of a private investigator's communications with his client cannot be greater than for attorneys and their clients, as the Magistrate Judge recognized.  The Court should decline to recognize the sweeping privilege contemplated by Camil.

**II.     THE COURT SHOULD NOT RECOGNIZE A PRIVATE INVESTIGATOR PRIVILEGE AS A MATTER OF COMITY**

A federal court may recognize a state privilege as a matter of comity to state courts, only where such recognition "can be done at no substantial cost to federal policies." *In re Int'l Horizons*, 689 F.2d at 1004 (citation omitted).  Here, recognition of the privilege suggested by Camil would run counter to important federal interests and should not be implemented as a matter of comity.  Camil faults the Magistrate Judge's order because it includes non-comity

9

cases in the discussion of comity, but the Magistrate Judge's analysis makes it clear that he was considering the fact that the underlying issues in this case concern *federal* law, not state law, and that he concluded that the federal law of privilege *should* apply in such cases. (Order at 16 ("[T]he federal law of privilege provides the rule of decision in the pending civil action where the Federal Court's jurisdiction is premised mainly upon a federal question.").)

One of the cases cited by the Magistrate Judge makes it clear that this is an appropriate analysis. According to *Pearson v. Miller,* 211 F.3d 57 (3d Cir. 2000), a federal court "may see fit for special reasons to give the law of a particular state highly persuasive or even controlling effect, *but in the last analysis its decision turns upon the law of the United States, not that of any state.*" *Id.* at 67 (citations omitted, emphasis added). In other words, comity involves weighing the interests of the law of the United States against any "special reason" to give the law of a particular state controlling effect. It is clear that the Magistrate Judge considered Camil's argument for a testimonial privilege under Florida law based on the principles of comity, carefully analyzed the cases presented by Camil, but concluded that there was no "special reason" to recognize the Florida statutory privilege in this case, which involves issues of federal law. (Order at 16-17.)

In fact, the broad privilege articulated by Camil would be a serious impediment to the permissive discovery available under federal law as it would allow an investigator to shield documents and communications from federal discovery simply by adding the material to his investigative file. (*See* Objections at 9 ("by the unambiguous terms of the statute itself, a private investigator *cannot* be forced to reveal a client's confidences or the contents of his investigative file") (emphasis in original).) There was no error in the Magistrate Judge's refusal to find that there was a "special reason" to apply the Florida private investigator privilege when

10

an application of that law would have a sweeping effect on discovery in the underlying federal action.

Significantly, if Camil's interpretation of the Florida privilege were applied here, it would cover communications Camil had with Defendant Hsu—who is *not* his client—regarding Ubiquiti and its CEO, Robert Pera. These are communications as to which Camil's client could have *no* expectation of privacy. It cannot be the case that simply by being hired by a client in Florida Camil can shield all of his communications and the contents of his investigative file from a federal court in California. The Court should not allow him to do so.

Finally, contrary to Camil's argument, the Magistrate Judge did not fail to understand the authorities that Camil cited as supporting his comity argument. He considered and rejected them, one by one. Camil points to Florida Division of Licensing and Florida Ethics Commission Opinions (Objections at 15-18); however, the Magistrate Judge noted that the cited Florida Licensing Division did *not* opine that the Florida statute created a testimonial privilege. (Order at 18.) Similarly, the Magistrate Judge noted that the Florida Ethics Commission explicitly disavowed interpreting the statutory prohibitions outside of the Code of Ethics. (*Id.*) Finally, the Magistrate Judge did not err in declining to find that the lone discovery order interpreting the Florida private investigator privilege, *Masse v. Masse*, No. 95-2362-CA-01 (12th Jud. Cir., Sarasota, Sept. 18, 1995), was not a sufficient basis for a federal court to warrant recognizing a sweeping private investigator privilege. (*Id.*)

## **CONCLUSION**

For the foregoing reasons, the Court should not set aside or revise the Magistrate Judge's Order.

Respectfully submitted,

AKERMAN SENTERFITT
106 East College Avenue, Suite 1200
Tallahassee, FL 32301
Phone:(850)224-9634
Fax: (850) 222-0103

By: /s/ J. Riley Davis
Florida Bar Number: 118121

ATTORNEYS FOR UBIQUITI NETWORKS, INC.

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on February 13, 2013 the foregoing document was electronically filed with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic notices of filing.

                                                             /s/ J. Riley Davis


**SERVICE LIST**

Ubiquiti Networks, Inc. v. Shao Wei Hsu, et al.
Case No.:  4:12mc66-RH/CAS
United States District Court, Northern District of Florida

| Bruce S. Rogow<br>**BRUCE S. ROGOW, P.A.**<br>*Counsel for Eric W. Camil, Sr.*<br>Broward Financial Centre, Suite 1930<br>500 East Broward Boulevard<br>Fort Lauderdale, FL 33394<br>Telephone: (954) 767-8909<br>Facsimile: (954) 764-1530<br>brogow@rogowlaw.com | Robert Harkins<br>**SEDGWICK LLP**<br>*Counsel for Defendants William Hsu Wu (sued as Shao Wei Hsu), the Shao Wei Hsu Living Trust, dated February 5, 2009, and Lilia Kung*<br>333 Bush Street, 30th Floor<br>San Francisco, CA 94104-2834<br>Phone: (415)-781-7900<br>Robert.harkins@sedgwicklaw.com |